IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-HC-2224-FL

| | |
|---|---|
| TEREK HARPER, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| PAMELA BONDI and WILLIAM LOTHROP, | ) |
| Respondent. | ) |

This matter is before the court on respondents' motion for summary judgment (DE 37) pursuant to Federal Rule of Civil Procedure 56(a). Petitioner responded in opposition. Also before the court are petitioner's motions to expedite (DE 46, 47). In this posture, the issues raised are ripe for ruling.

## STATEMENT OF THE CASE

Petitioner, a federal inmate proceeding pro se, commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 10, 2023. Petitioner challenges the Federal Bureau of Prisons' ("FBOP") calculation of his release date and denial of prior custody credit.

On April 16, 2025, respondent moved for summary judgment, arguing that petitioner's release date is accurate. In support, respondent relies on memorandum of law, statement of material facts, and appendix of exhibits comprising the following: 1) declaration of Brad Morrissette, a management analyst at the FBOP's designation and sentence computation center ("DSCC"); 2) email from New Hanover County Master Deputy Sheriff; 3) petitioner's New

Hanover County criminal charges; 4) state conditions of release; 5) writ of habeas corpus ad prosequendum dated May 16, 2018; 6) USM-129 individual custody and detention report; 7) federal criminal judgment and commitment order; 8) Sampson County criminal judgment and commitment; 9) petitioner's inmate history; 10) email related to petitioner's designation dated June 8, 2022; 11) petitioner's North Carolina Department of Adult Correction offender public information; and 12) petitioner's federal public information inmate data.

On May 5, 2025, petitioner responded in opposition relying on an opposing statement of material facts and appendix of exhibits that did not identify exhibits in the record.[1] On September 9 and 19, 2025, petitioner filed motions for expedited ruling.

## STATEMENT OF FACTS

The relevant facts are not disputed. On April 5, 2018, petitioner was arrested by state authorities in New Hanover County, North Carolina for the following: 1) trafficking opium or heroin and possession with intent to manufacture, sell, and distribute heroin; and 2) driving while license revoked. (Resp't Stmt. (DE 39) ¶ 1). That same day, petitioner was also arrested on an order for arrest for a failure to appear in Sampson County, North Carolina under case numbers 16CRS51941, trafficking opium or heroin, and 16CRS51942. (Id. ¶ 2; Resp't Attach. (DE 40-8) at 1). On April 6, 2018, petitioner's New Hanover County charges were dismissed, but petitioner remained in custody at the New Hanover County Detention Center for the Sampson County case numbers. (Resp't Stmt. (DE 39) ¶ 3). On April 20, 2018, petitioner received a $100,000 conditions of release and release order from the Sampson County Superior Court. (Id. at ¶ 4).

---

[1] Petitioner's appendix of exhibits states in its entirely: "No further evidence (that is not already in the record) will be submitted for these purposes." (Pet'r App. (DE 44).

The bond was never posted, and petitioner remained in custody at the New Hanover County Detention Center. (Id.).

On May 16, 2018, a writ of habeas corpus ad prosequendum was issued for petitioner in United States v. Harper, No. 7:18-CR-94-D-2 (E.D.N.C.). (Id. at ¶ 5). On May 17, 2018, petitioner was arrested by the United States Marshal Service ("USMS") and taken into custody pursuant to the writ of habeas corpus ad prosequendum. (Id. at ¶ 6). Petitioner was charged with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and possession with intent to distribute a quantity of heroin. (Id.). On April 1, 2019, the court sentenced petitioner to 87 months' imprisonment, consecutive to any state or federal sentence previously imposed. (Id. ¶ 7).

On May 8, 2019, petitioner was sentenced to 70 to 93 months' imprisonment in his Sampson County case number 16CRS51941, trafficking opium and heroin. (Id. ¶ 8). Sampson County case number 16CRS51942 was dismissed. (Id.). On May 21, 2019, petitioner arrived at his designated FBOP facility. (Id. at ¶ 9).

On June 8, 2022, the FBOP's DSCC received an email from Jennifer Barnes, an assistant district attorney for the Fifth Prosecutorial District in North Carolina. (Id. at ¶ 10). The email indicated petitioner never posted his bond in the Sampson County case numbers 16CRS51941 and 16CRS51942, and was still being held under the release order issued April 20, 2018. (Id.). Additionally, Sampson County Superior Court issued an order on March 24, 2022, confirming the state's primary jurisdiction over petitioner, and he would receive the appropriate credit towards his state sentence for time served in federal custody. (Id. at ¶ 11). The March 24 order specifically provided that petitioner would "be given credit for the 3 days he was detained after his

3

initial arrest on June 26, 2016, as well as all time spent in confinement since being arrested on April 5, 2018[,] . . . [and] [t]hat since the State's jurisdiction over Defendant has continued uninterruptedly since 5 April 2018, that Defendant's credit toward his State sentence continue to run uninterrupted until satisfaction of the State obligation pursuant to his State sentence." (Id. at ¶ 12).

On June 9, 2022, the DSCC reviewed petitioner's federal sentence computation, along with documents provided by Sampson County Superior Court, New Hanover County Detention Center, and the District Attorney's Office for the Fifth Prosecutorial District in North Carolina. (Id. at ¶ 13). The DSCC confirmed petitioner was under the primary jurisdiction of the state at the time he arrived at his designated FBOP facility on May 21, 2019, and should be returned to Sampson County to begin service of his state sentence. (Id.).

On July 11, 2022, petitioner was released from his FBOP facility and returned to Sampson County for continued service of his state sentence. (Id. at ¶ 14). On August 15, 2024, petitioner completed his state sentence, and he was returned to federal custody that same day. (Id. at ¶ 15).

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of

4

material fact requiring trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). "[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). A federal prisoner challenges the execution of his sentence when he contests, as here, the FBOP's "administrative rules, decisions, and procedures applied to his sentence." In re Wright, 826 F.3d 774, 777 (4th Cir. 2016).

As noted above, petitioner challenges the FBOP's calculation of his prior custody credit and the resulting release date. In order to assess whether petitioner is entitled to prior custody credit, the court must determine: 1) the date on which the federal sentence commenced, and 2) the amount, if any, of prior custody credit to which petitioner is entitled for time served prior to commencement of the federal sentence. 18 U.S.C. § 3585; see United States v. Wilson, 503 U.S. 329, 330 (1992).

A federal sentence typically commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "A federal sentence does not commence until the Attorney General received the defendant into [his] 'custody' for service of that sentence." United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998).

5

"[P]rimary jurisdiction over a person is generally determined by which [sovereign] first obtains custody of, or arrests, the person." United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005); see also Evans, 159 F.3d at 911–12. A "writ of habeas corpus ad prosequendum, issued to bring a prisoner to his own trial, works [as] a mere loan of the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008). "Principle of comity require that when the writ of habeas corpus ad prosequendum is satisfied, the receiving sovereign return the prisoner to the sending sovereign." Evans, 159 F.3d at 912.

Here, petitioner argues his federal sentenced commenced on May 21, 2019, when he arrived at when he arrived at this designated FBOP facility. (Pet'r Mem. (DE 42) at 1). Respondent argues petitioner was in the primary custody of North Carolina state authorities until August 15, 2024, when he was released to federal custody to serve his federal sentence. (Resp't Mem. (DE 38) at 8–9). The court agrees with respondent. Petitioner's transfer to federal custody pursuant to a writ of habeas corpus ad prosequendum did not transfer his primary legal custody from state to federal jurisdiction. Thus, he remained in the primary legal custody of state authorities until the expiration of his state sentence, although he was transferred to his designated FBOP facility in error. See Poole, 531 F.3d at 271; Evans, 159 F.3d at 912. Accordingly, petitioner's federal sentence commenced on August 15, 2024, when he was released to federal custody after the conclusion of his state sentence.

Turning to the issue of prior custody credit, 18 U.S.C. § 3585(b) provides that:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

6

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Thus, the FBOP is precluded from awarding prior custody credit if the time has "been credited against another sentence." 18 U.S.C. § 3585(b); see Wilson, 503 U.S. at 337 ("Congress made clear that a defendant could not receive double credit for his detention time.").

Here, petitioner contends he is entitled to credit against his federal sentence for time spent while in the primary legal custody of state authorities but erroneously held in a federal facility. (Pet'r Mem. (DE 42) at 2). However, once the erroneous placement was identified, petitioner was released from FBOP custody to Sampson County, North Carolina authorities. Pursuant to the March 24, 2022, Sampson County Superior Court order, petitioner was "given credit for the 3 days he was detained after his initial arrest on June 26, 2016, as well as all time spent in confinement since being arrested on April 5, 2018[,] . . . [and] [t]hat since the State's jurisdiction over Defendant has continued uninterruptedly since 5 April 2018, that Defendant's credit toward his State sentence continue to run uninterrupted until satisfaction of the State obligation pursuant to his State sentence." (Resp't Stmt. (DE 39) ¶ 12). The credit petitioner seeks for time spent in federal custody while still in the primary legal custody of the state has already been credited and applied toward his state sentence. Thus, the credit against his consecutive federal sentence for time credited toward his state sentenced is prohibited under § 3585(b). Accordingly, respondent is entitled to summary judgment.

7

## CONCLUSION

Based on the foregoing, respondent's motion for summary judgment (DE 37) is GRANTED. Petitioner's motions to expedite (DE 46, 47) are DENIED as moot. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 3rd day of December, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge